Mr. Arthur E. Barrow Attorney, Loxahatchee Water Control District
QUESTION:
What is the appropriate manner of conducting future elections for members of the board of supervisors of the Loxahatchee Water Control District?
SUMMARY:
Unless or until legislatively or judicially determined otherwise, the Loxahatchee Water Control District should adhere to the express provisions of ss. 298.11 and 298.12, F.S., since neither ss. 298.11, 298.12, F.S., nor ch. 76-455, Laws of Florida, authorizes or makes any provision for runoffs in the annual election of members of the board of supervisors. Any other elections procedure would appear to be unauthorized.
Your inquiry notes that the provisions of ch. 298, F.S., dealing with the election of supervisors, are confusing to you, and that you are uncertain as to the proper procedure to be followed in future elections of members of the Board of Supervisors. Your inquiry further notes that you have used in the past and have considered using again a runoff procedure in the event that no candidate receives a majority of the votes cast.
Section 298.12, F.S., provides in pertinent part:
Annual election of supervisors; term of office, etc. —
 (1) Every year in the same month after the time for the election of the first board of supervisors, it shall call a meeting of the landowners in the district in the same manner as is provided for in s. 298.11, and the owners of land in such district shall meet at the stated time and place and elect one supervisor therefor, or in case of their failure to elect, the Department of Environmental Regulation shall appoint such supervisor, in like manner as prescribed in s. 298.11, who shall hold his office for 3 years or until his successor is elected and qualified; and in case of a vacancy in any office of supervisor elected by the landowners, the remaining supervisors, or if they fail to act within 30 days, the Department of Environmental Regulation, may fill such vacancy until the next annual meeting, when a successor shall be elected for the unexpired term. (Emphasis supplied.)
This section incorporates by reference the provisions of s. 298.11
in regard to election procedures for the district's board of supervisors; that statute provides in pertinent part:
298.11 Election of board of supervisors; Department of Environmental Regulation to represent state at election; if no election held, department to appoint supervisors, etc. —
 (1) Within 20 days after any district shall have been organized and incorporated under the provisions of this chapter, the clerk of the circuit court in which the petition has been filed shall, upon giving notice by causing publication thereof to be made once a week for 2 consecutive weeks in some newspaper published in each county in which lands of the district are situate, the last insertion to be not less than 10 nor more than 15 days before the day of such meeting, call a meeting of the owners of the lands situate in said district, at a day and hour specified, at some public place in the county in which the district was organized, for the purpose of electing a board of three supervisors, to be composed of owners of the lands in said district and residents of the county or counties in which such district is situate.
 (2) The landowners, when assembled, shall organize by the election of a chairman and secretary of the meeting, who shall conduct the election; at such election each and every acre of land in the district shall represent one share, and each owner shall be entitled to one vote in person or by proxy in writing duly signed, for every acre of land owned by him in such district, and the three persons receiving the highest number of votes shall be declared elected as supervisors. Landowners owning less than 1 acre shall be entitled to one vote. The landowners shall at such election determine the length of the terms of office of each supervisor so elected by them, which shall be respectively 1, 2 and 3 years, and they shall serve until their successors shall have been elected and qualified. (Emphasis supplied.)
I note that in 1976, ch. 76-455, Laws of Florida, increased the membership of the Board of Supervisors to five. That legislation provides in pertinent part:
 Section 3. Membership of the board of supervisors. — of supervisors of the district shall be increased from three members to five members. At the annual landowners' meeting to be held in 1976, the landowners shall elect two supervisors for 3-year terms and one supervisor for a 2-year term to increase the membership of the board to five.
In such a manner, the Legislature has prescribed an elections procedure for water control districts within the purview of ch. 298. It is clear that the Legislature contemplated staggered terms of 3 years for each of the original three members, and in light of language in ss. 298.11, 298.12, and ch. 76-455, I conclude that this same rule should also apply to the terms and elections of those members added by the above referenced 1976 legislation, particularly so since nothing in that legislation demonstrates an intent to modify elections procedure or the terms of office of the supervisors or the filing of vacancies for any unexpired terms of office.
As a public quasi-corporation, the Loxahatchee Water Control District is a governmental agency of the state for certain definite purposes, and has only such authority as is delegated to it by law. See Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346 (Fla. 1919); Accord, AGO 074-169. Additionally, such governmental entities must transact official business in substantially the manner prescribed by law, adhering to rules of procedure established by legislative act. Id. No runoff procedure is expressly or impliedly authorized by ss. 298.11, 298.12, F.S., or ch. 76-455, Laws of Florida. However, s. 298.11, which is incorporated by reference into s.298.12, does make express provisions otherwise:
 [a]nd the three persons receiving the highest number of votes shall be declared elected as supervisors . . . . (Emphasis supplied.)
A legislative directive as to how a thing shall be done is, in effect, a prohibition against it being done in any other manner. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944). Cf. the elections procedure for the Loxahatchee River Environmental Control District, set forth in ch. 75-475, Laws of Florida, which expressly provides for a runoff election. Therefore, unless and until legislatively or judicially determined otherwise, I conclude that the use of a runoff procedure is unauthorized in this instance.
Prepared by: Anne Curtis Terry, Assistant Attorney General